431 So.2d 854 (1983)
STATE of Louisiana, State-Appellee,
v.
Clarence CUNNINGHAM, Defendant-Appellant.
No. 15309-KA.
Court of Appeal of Louisiana, Second Circuit.
May 3, 1983.
Rehearing Denied June 8, 1983.
Jack, Jack, Cary & Cary by Wellborn Jack, Jr., Shreveport, for defendant/appellant.
Paul J. Carmouche, Dist. Atty., Shreveport, Barbara B. Rutledge, Asst. Atty. Gen., Terry L. Lindsey and Catherine M. Estopinal, Asst. Dist. Attys., for State/appellee.
Before HALL, JASPER E. JONES and NORRIS, JJ.
JASPER E. JONES, Judge.
The defendant, Clarence Cunningham, pleaded guilty to manslaughter, R.S. 14:31, and was sentenced to 15 years at hard labor in the custody of the Department of Corrections. He appeals his sentence. We affirm.
On December 31, 1981, the defendant went to the residence of his estranged wife and daughter.[1] Upon entering he was told that his wife was in an adjoining room in bed with a man. Cunningham then armed himself with a knife and entered the bedroom. When his wife's companion stood, Cunningham stabbed him several times in the chest and killed him. Defendant's estranged wife was also injured slightly in the attack.
The defendant was indicted for second degree murder on February 19, 1982, and he *855 pled guilty to manslaughter on September 10, 1982. On September 29, 1982, the district judge sentenced Cunningham to 15 years at hard labor in the custody of the Department of Corrections. This appeal followed.
The defendant sets out three assignments of error. He contends that the district judge erred in: (1) imposing an excessive sentence; (2) failing to comply with C.Cr.P. art. 894.1; and (3) failing to order a presentence investigation.
Assignment # 3
With respect to the failure of the district judge to order a presentence investigation we note that defendant did not request such an investigation. We also note that appellant suggests no specific reason why a presentence investigation should have been ordered.
There is no requirement that a presentence investigation be ordered. State v. Bell, 377 So.2d 275 (La.1979). This assignment of error is without merit.
Assignment # 2
The appellant contends the district judge failed to comply with C.Cr.P. art. 894.1. The transcript of the sentencing hearing shows that the district judge considered the circumstances of the offense, particularly that defendant armed himself and went looking for trouble, and that a man lost his life. He concluded that any lesser sentence would deprecate the seriousness of the offense.
The district judge also stated that he had considered the mitigating factors listed in C.Cr.P. art. 894.1. He found only one, that the criminal conduct resulted from circumstances unlikely to recur, was even marginally applicable.
The sentencing judge need not articulate every factor mentioned in C.Cr.P. art. 894.1 but the record must show that he adequately considered the guidelines. State v. Straughter, 406 So.2d 221 (La.1981); State v. Lathers, 414 So.2d 678 (La.1982); State v. Bradley, 414 So.2d 724 (La.1982). The record shows that the district judge considered the article 894.1 guidelines and stated a factual basis for the factors he found to be present. This complies with C.Cr.P. art. 894.1. State v. Donahue, 408 So.2d 1262 (La.1982).
This assignment of error has no merit.
Assignment # 1
Finally, we consider appellant's contention that his fifteen year sentence is excessive in violation of LSA-Const. Art. 1 § 20.
A sentence is excessive if it is grossly out of proportion to the severity of the offense or nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
This was a gross offense in which the defendant brutally took the life of another, apparently to assuage his own ego. The sentence is well proportioned to the magnitude of this crime not grossly out of proportion to it.
Neither is the sentence nothing more than the purposeless and needless imposition of pain and suffering. The defendant, who was 63 at the time of the offense, is a mature offender. Any sentence less than the one imposed would, as found by the district judge, deprecate the seriousness of this offense and show contempt for the value of human life.[2]
This assignment of error is without merit.
The sentence is AFFIRMED.
NOTES
[1] There is some confusion in the record as to the date of the killing. The crime may have actually taken place on December 30, 1981.
[2] See State v. McMahon, 391 So.2d 1120 (La. 1980), where a sentence of fifteen years for manslaughter by a first offender was approved.