434 So.2d 452 (1983)
STATE of Louisiana, Appellee,
v.
Ronald L. HAMMONDS, Defendant-Appellant.
No. 15339-KA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1983.
Writ Denied September 30, 1983.
*453 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty., Joseph T. Mickel, Asst. Dist. Atty., Monroe, for appellee.
Diehlmann C. Bernhardt, Monroe, and Norris & Placke by Allan L. Placke, West Monroe, for defendant-appellant.
Before PRICE, JASPER E. JONES and SEXTON, JJ.
JASPER E. JONES, Judge.
Ronald L. Hammonds was convicted by a six person jury of simple burglary, R.S. 14:62, and sentenced to six years at hard labor. He appeals both his conviction and sentence. We affirm.
Defendant sets out four assignments of error on appeal. He contends, first, that his conviction is based on insufficient evidence. Second, he contends that he was denied a fair trial when the jury considered evidence of prior inconsistent statements by his brother as substantial evidence of guilt. Third, he contends that the trial judge did not comply with the sentencing guidelines of C.Cr.P. art. 894.1. Fourth, and finally, defendant contends his sentence of six years at hard labor is excessive.
The Facts
Defendant and his brother Larry were driving through Monroe, Louisiana, shortly after midnight on May 20, 1982. As the men drove along Interstate 20, appellant pulled onto the shoulder near a disabled car. Larry got out and burglarized the disabled car. Larry returned to appellant's car with the fruits of the burglary and the men drove away.
The incident was observed by Sergeant Mike Worley of the Ouachita Parish Sheriff's Department. Defendant and his brother were soon apprehended.
Both brothers were charged by bill of information with simple burglary. Counsel was appointed for defendant and he pleaded not guilty to the charge.[1]
Defendant was tried on September 15, 1982. At trial the state attempted to show that defendant was a principal in the burglary even though he remained in his car while Larry broke into the disabled vehicle. The jury convicted defendant.
A presentence investigation was ordered and conducted. A sentencing hearing was held on October 14, 1982, and the district judge imposed a sentence of six years at hard labor.
Assignment # 2
Through this assignment appellant attacks the jury's use of prior inconsistent statements by his brother as substantive evidence of guilt.
The state called defendant's brother to testify at trial. Larry admitted burglarizing the disabled car. However, when questioned *454 concerning what he had told officers following the arrest, Larry initially denied having told them that he had discussed breaking into a car with defendant. Eventually, Larry did admit he had told officers he and defendant had discussed breaking into a car. Defendant contends that the jury improperly used this testimony by Larry as substantive evidence of guilt.[2]
Defendant relies on State v. Allien, 366 So.2d 1308 (La.1978). In Allien the supreme court held that a conviction could not rest solely on repudiated prior inconsistent statements even in the absence of a limiting instruction.
Though appellant's legal position is sound it is of no avail to him here because it overlooks and does not rest on the facts of his case. Here the prosecution presented far more than repudiated prior inconsistent statements.[3] The state presented abundant evidence of the occurrence of the burglary and with respect to appellant's role as a principal in the burglary the state presented testimony by Larry that he and defendant had talked about the possibility of breaking into vehicles.
Defendant's conviction does not rest solely on repudiated prior inconsistent statements. This assignment of error lacks merit. Assignment # 1
Through this assignment of error appellant contends that his conviction is based on insufficient evidence. He makes two arguments in support of this assignment. He argues that the state did not adequately prove that he was a principal in the burglary and that the jury disregarded its charge in finding him guilty because the charge did not contain instructions as to principals.
We begin with the argument that the state did not adequately prove that appellant was a principal in the crime.
Principals are all persons, present or absent, concerned in the commission of a crime whether they directly commit the act constituting the offense or aid and abet in its commission or counsel or procure, directly or indirectly, another to commit the crime. R.S. 14:24.
The test for sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Motton, 395 So.2d 1337 (La.1981), U.S. cert. den., 454 U.S. 850, 102 S.Ct. 289, 70 L.Ed.2d 139 (1981). Where a conviction is based on circumstantial evidence the test for sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. State v. Austin, 399 So.2d 158 (La.1981).
To prove appellant's role as a principal in the crime the state presented evidence in the form of testimony by Larry Hammonds that the two brothers did not have sufficient funds to complete their trip to Tennessee, that they had talked about breaking into a car and that defendant was driving the car prior to the break-in. Through testimony by Sergeant Worley, the state presented evidence that defendant was driving slowly in the center lane of 1-20 and suddenly, in an unusual maneuver, pulled onto the shoulder in the vicinity of the disabled vehicle. Larry testified that he then broke into the car.
Viewing this evidence in the light most favorable to the prosecution a rational trier of fact could find beyond a reasonable doubt that the only reasonable hypothesis for defendant's actions was that he knew of his brother's plan to burglarize a car and aided and abetted his brother in his plan by *455 stopping on the shoulder adjacent to the disabled car so that his brother could consumate the burglary. Thus, a reasonable trier of fact could have found beyond a reasonable doubt that defendant was a principal in the burglary.
Appellant's second argument is that the jury disregarded its charge in finding him guilty as a principal because it was given no instructions on principals. Again appellant's argument rests on a flawed foundation.
The record shows that the jury was charged with the law concerning principals. (R. 18) At oral argument counsel for appellant belittled the significance of this instruction because of its position within the charge, however, as appellant made no timely objection to the jury charge he cannot now complain of it. State v. Motton, supra. Appellant's argument is not supported by the record.
This assignment of error is without merit.
Assignment # 3
Appellant contends that the district judge failed to comply with C.Cr.P. art. 894.1 in imposing sentence.
The trial judge is not required to list every aggravating or mitigating circumstance set out in C.Cr.P. art. 894.1 so long as the record reflects that he adequately considered the guidelines of the article. State v. Sims, 410 So.2d 1082 (La.1982); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983). Cf. State v. Jacobs, 383 So.2d 342 (La.1980); State v. Straughter, 406 So.2d 221 (La.1981).
The trial judge stated that he considered letters written on defendant's behalf, his age, 34, his record and the information contained in the presentence investigation. From these sources the district judge concluded that confining defendant in a custodial environment was required to protect society. He imposed a sentence of six years at hard labor.[4]
The trial judge's remarks show that he considered both the aggravating and mitigating circumstances set out in article 894.1 and stated a factual basis for those he found to be present. Thus, the district judge complied with C.Cr.P. art. 894.1.[5]
This assignment is without merit.
Assignment # 4
Through this assignment appellant contends that his sentence is excessive in violation of LSA-Const. Art. 1 § 20. He particularly argues that his sentence is excessive when compared with his brother's.
A sentence is excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless and needless infliction of pain and suffering. State v. Lodridge, 414 So.2d 759 (La.1982); State v. Sims, supra.
The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Jacobs, supra; State v. Latin, 412 So.2d 1357 (La. 1982); State v. Bradley, 414 So.2d 724 (La. 1982); State v. Howard, 414 So.2d 1210 (La.1982).
Sentencing is a function of the trial court and a reviewing court cannot merely substitute its judgment for that of the trial court. State v. Lewis, 414 So.2d 703 (La. 1982); State v. Murdock, 416 So.2d 103 (La. 1982).
Simple burglary is a serious offense. It is punishable by up to twelve years at hard labor and a fine of up to $2,000. R.S. 14:62. The sentence actually imposed, six years at hard labor, is in the *456 mid-range of possible penalties for simple burglary.
The defendant is a mature offender. He has prior felony convictions in Ohio for receiving stolen property, armed robbery and aggravated assault. Since 1967 appellant has not managed to spend three years outside of prison without engaging in criminal activity.
The sentence imposed is not out of proportion to the offense and, rather than being the needless or purposeless imposition of pain and suffering, it is necessary to protect the public from defendant's persistent criminal activities.
Though appellant's sentence is much more severe than his brother's that does not make appellant's excessive. This is so because sentencing judges are not required to treat co-defendants equally. State v. Rogers, 405 So.2d 829 (La.1981); State v. Kline, 427 So.2d 1298 (La.App. 2d Cir.1983).
This assignment of error is without merit.
The defendant's conviction and sentence are AFFIRMED.
NOTES
[1] Defendant's brother, Larry, also received appointed counsel. Larry eventually pleaded guilty and was sentenced to six months.
[2] Defendant's counsel neither objected nor requested any limiting instruction during this line of questioning by the state.
[3] It could even be said that there was no prior inconsistent statement here for the jury to consider since Larry eventually admitted the correctness of the prior statement.
[4] The trial judge's reasons for sentencing were set out on two separate occasions. He explained his sentencing choice at the sentencing hearing and again at the conclusion of a hearing on defendant's "Motion to Correct an Illegal Sentence."
[5] As defendant is a third felony offender he is not eligible for probation or a suspended sentence. C.Cr.P. art. 893. In such cases the sentencing guidelines are considered in determining the length of imprisonment.