MARVIN, Judge.
After being indicted for first degree murder and armed robbery of Booker Demery, this 20-year-old defendant, Dickerson, pleaded guilty to manslaughter with the agreement that his range of sentencing would be not less than 10 years at hard labor and not more than 15 years at hard labor. From a sentence of 14 years at hard labor, he appeals, claiming it is excessive. We affirm.
On January 18, 1981, Dickerson and John Arthur Boykin were in the Shady Oaks Lounge and Cafe in Shreveport. Also there was the victim, Demery. Dickerson and Boykin were shown to have undertaken to rob the victim, and when the victim resisted, to have shot him with a .22 caliber pistol. The pistol was later seized from Dickerson, who denied his involvement in the offense, but pleaded guilty to obtain the benefit of the reduction in the charge and sentence in accord with a plea bargain. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
A trial judge is given wide discretion in imposing a sentence within the statutory limits. We do not set aside sentences as excessive in the absence of a showing of manifest abuse of discretion. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Square, 433 So.2d 104 (La.1983).
CCrP Art. 894.1 provides guidelines which assist us in determining whether that discretion has been abused. State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983); State v. Sepulvado, 367 So.2d 762 (La.1979). While the trial judge need not articulate every aggravating and mitigating factor listed in Art. 894.1, the record must reflect that the guidelines were considered in particularizing the sentence to the individual defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983); State v. Smith, 433 So.2d 688 (La.1983).
The trial court found that defendant’s youth was the mitigating factor and ex *795 pressly noted that other mitigating circumstances were not present. The trial court referred to the defendant’s juvenile record and to his misdemeanor conviction for receiving stolen things.
Defendant' contends his sentence is excessive because his co-defendant, Boykin, who was allowed to plead guilty under more favorable terms, received only 10 years at hard labor. Defendant argues that the facts available were not sufficient to enable the trial judge to distinguish which of the two defendants actually “pulled the trigger” during the offense.
This record shows that the trial court clearly articulated and assessed the CCrP Art. 894.1 factors in sentencing the defendant. The trial court found that Dickerson was on probation for another crime when this robbery and homicide occurred and that he had received very lenient treatment under the plea bargain notwithstanding his denial of being involved. There is direct and circumstantial “evidence,” even though hearsay (of what witnesses said), that Dickerson was the more culpable of the two defendants.
The difference in the sentences of two co-defendants reflects the difference in the prosecutor’s and the judge’s assessment of each defendant’s involvement and criminal history. The sentence, under these circumstances, is not constitutionally excessive, even when compared to the sentence of the co-defendant, Boykin. While that one-on-one comparison is not the proportionality- comparison which was made in State v. Telsee, 425 So.2d 1251 (La.1983), any defendant who receives a sentence within the range bargained for, cannot complain of the lack of proportionality of his sentence. State v. Bell, 412 So.2d 1335 (La.1982); State v. Hicks, 403 So.2d 676 (La.1981); State v. Curry, 400 So.2d 614 (La.1981).
The sentence is AFFIRMED.