MARVIN, Judge.
Defendant, Coghlan, who was charged with attempted second degree murder and with aggravated criminal damage to property, pleaded guilty to attempted second degree murder and the state agreed to dismiss the charge of aggravated criminal damage to property. Defendant appeals his sentence to three years at hard labor as excessive. We affirm.
On the afternoon of May 21, 1982, the girlfriend of the victim was driving her automobile on 1-20 in Shreveport when the defendant, Coghlan, and his co-defendant, Delbert Woody, began harassing her. She contacted by CB radio her boyfriend who was driving ahead of her. Her boyfriend told her to accelerate her vehicle to catch up with him. When she did, the two defendants began verbally abusing the boyfriend when he intervened.
The defendants pursued the boyfriend at high speed and Woody fired five rounds from a 30/30 rifle into the boyfriend’s vehicle. Coghlan swerved his vehicle into the victim’s vehicle, drove in high speed pursuit of the victim and around trucks which were attempting to assist the victim’ by separating him from his attackers. The victim fortunately was not physically injured although the bullets fired by Woody blew out the front windshield of the victim’s truck and barely missed the victim.
The court clearly articulated the factors of CCrP Art. 894.1 and emphasized the extreme seriousness of the offense committed. Defendant’s claim that his judgment in the incident was impaired by his voluntary intoxication was discounted. The trial court cited the capable manner in which the defendant drove during the incident to counter defendant’s claim that his degree of intoxication should mitigate the penalty.
A trial judge is given wide discretion in imposing a sentence within the statutory limits. We do not set aside sentences as excessive in the absence of a showing of manifest abuse of discretion. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Square, 433 So.2d 104 (La.1983).
CCrP Art. 894.1 provides guidelines which assist us in determining whether that discretion has been abused. State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983); State v. Sepulvado, 367 So.2d 762 (La.1979). While the trial judge need not articulate every aggravating and mitigating factor listed in Art. 894.1, the record must reflect that the guidelines were considered in particularizing the sentence to the individual defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983); State v. Smith, 433 So.2d 688 (La.1983).
This record shows that the court clearly articulated the factors listed by *810 CCrP Art. 894.1. Considering the nature of the offense and Coghlan’s involvement, the three year hard labor sentence is not “apparently severe” and is not excessive even for a 21-year-old defendant. State v. Cox, 369 So.2d 118 (La.1979); and State v. Russell, 397 So.2d 1319 (La.1981).
The sentence is AFFIRMED.