SEXTON, Judge.
The defendant, Zachary T. Farris, was charged by Grand Jury indictment with the Second Degree Murder of Geraldine Farris, his wife, in violation of LSA-R.S. 14:30.1. The defendant was convicted by a unanimous jury of the offense of manslaughter in violation of LSA-R.S. 14:31. The defendant was sentenced to 17 years at hard labor and appeals his sentence as excessive. Finding no abuse of discretion in the trial court’s imposition of this sentence, we affirm.
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits, and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983).
The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983).
The defendant in this case had the benefit of an exhaustive evidentiary presentation at trial and a lengthy sentencing hearing. There were a number of inconsistencies between the various witnesses who testified at trial. However, the basic facts of this criminal incident are as follows: On the 4th of June, 1982, the defendant, Zachary T. Farris, went to the residence of his estranged wife, Geraldine Far-ris. Mr. Farris obtained entry to the home carrying a short-barreled single-shot .410 gauge shotgun. Mr. Farris had been drinking prior to the time of this entry, Mrs. Farris returned to the residence with her two children, ages 10 and 5. Mrs. Farris apparently detected that someone had tried to make an entry into her residence and returned to the grocery store at which she had been shopping to obtain the assistance of the security guard at the store. This security guard, who was actively sought by the prosecution prior to the trial but who *1171 was unavailable for trial, returned to the residence with Mrs. Farris. Mrs. Farris and her older child, a girl, entered the home.
Shortly thereafter, Mr. Farris chased Mrs. Farris from the residence brandishing the shotgun and a .32 caliber revolver owned by Mrs. Farris. The security guard, still present in the front yard of the residence, was accosted by Mr. Farris, relieved of his .38 caliber revolver and chased away from the residence by the discharge of the shotgun in close proximity to his head. The defendant then chased the victim of the homicide firing four shots into her with a revolver taken from the security guard, which resulted in her death. The first shot struck her in the chest, penetrated her heart and exited through her back. The other three shots were fired into the victim’s hip area while she lay on the ground. The defendant subsequently fled the scene, but surrendered himself to police authorities later that same evening.
In strongly urging that the trial court misapplied the guidelines of LSA-C.Cr.P. Art. 894.1, the defendant essentially asserts a number of points which were in serious contention at trial. These points, if accepted, tend to establish that the defendant acted in self-defense and contradict the State’s theory of the events. However, in his well-articulated compliance with LSA-C.Cr.P. Art. 894.1, the trial court indicated that defendant’s drinking, the emotionally charged atmosphere surrounding the estrangement of this husband and wife, and the presence of another man (the security guard) during the incident lent credence to the jury’s conclusion of manslaughter. The trial court concluded, as did the jury, that the shooting of the victim in this incident was not justifiable, and the trial court noted that the victim neither induced or facilitated the offense. Thus the issues argued by the defendant in mitigation of sentence were resolved adversely to him by the jury, and the trial court’s reasons for sentence show a concurrence in that determination. Moreover, the conduct of the defendant in this incident not only caused the death of Geraldine Farris, but also threatened death or serious bodily harm to the security guard and two small children.
Thus, under the circumstances here presented, we are unable to say that this 17 year sentence for the death of another, in this emotionally charged atmosphere, by a defendant who had been drinking, where the conduct threatened harm to others, is an abuse of discretion. The sentence of the defendant is affirmed.
AFFIRMED.