SEXTON, Judge.
The defendant, Marvin Arterberry, was charged by bill of information with DWI-4th offense, under LSA-R.S. 14:98. The defendant entered a plea of guilty to DWI-3rd offense under LSA-R.S. 14:98, which carries a statutory penalty of not less than one nor more than five years at hard labor. The defendant was sentenced to two years at hard labor and appeals his sentence as excessive. Finding no abuse in the trial court’s imposition of a two year hard labor sentence for this offense, the defendant’s sentence is affirmed.
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Square, 433 So.2d 104 (La.1983).
The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983); State v. Sepulvado, 367 So.2d 762 (La.1979). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983); State v. Smith, 433 So.2d 688 (La.1983).
In sentencing the defendant the trial court articulated the defendant’s criminal history. The defendant had offenses of DWI and misdemeanor theft in Oklahoma City, Oklahoma in 1962. The defendant’s record of convictions in Shreveport include drunk and disorderly conduct in 1966; DWI, 1975; DWI, 1978; DWI, October 12, 1979; DWI, October 27, 1979; no driver’s license and simple drunk, 1981; DWI, 1981; *1181 and the instant offense of DWI in April of 1982. The trial court articulated the defendant’s good work record and good military history as tending to mitigate the offense. The Court articulated that no substantial hardship would be visited upon the family of the defendant since he was separated from his wife and provided only occasional support to his children. Finding no abuse of discretion in the trial court’s imposition of a two year hard labor sentence under these circumstances, the sentence of the defendant is affirmed.
AFFIRMED.