SEXTON, Judge.
The defendant, Hubert Van Burén, age 28, was charged by grand jury indictment with sexual battery in violation of LSA-R.S. 14:43.1. The offense of sexual battery carries a maximum imprisonment term of ten years at hard labor. Pursuant to negotiations between the defendant’s appointed attorney and the State of Louisiana, the defendant pled guilty to crime against nature, an offense which carries a maximum five year hard labor term. The defendant received a five year hard labor sentence and appealed. Defendant in brief now claims the trial court failed to articulate sentencing considerations under the obligations of LSA-C.Cr.P. Art. 894.1 and further claims that the sentence actually imposed is excessive. Finding no error on the part of the trial court in articulating sentencing considerations sufficient to support the sentence, and further finding no abuse of discretion in the trial court’s imposition of this five year hard labor sentence, we affirm.
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983).
*1087 The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983); State v. Smith, 433 So.2d 688 (La.1983).
The defendant, along with.two co-defendants, Dennis Lane and Fred Griffin, were prisoners in the DeSoto Parish Jail on the date of this offense. These three men forced themselves upon another prisoner— having anal intercourse with him and forcing him to perform oral intercourse with them. The trial court in sentencing the defendant articulated the heinous nature of this offense. The court also articulated the dual benefits gained by the defendant in the reduction in charge from sexual battery to crime against nature and in the State’s agreement not to charge the defendant as a habitual offender. The pre-sentence investigation shows that the defendant has at least two prior convictions involving moral turpitude. At least one is a felony. The other appears to be a felony, but that is not clear from the pre-sentence. Moreover, the defendant was in jail pending trial on a simple burglary, the arrest for which occurred shortly after his release from a previous burglary sentence.
While this is a maximum penalty for the offense to which the defendant pled guilty, the title of that offense does not adequately describe the defendant’s' actual conduct. Also, the pre-sentence indicates this was not the first occasion this defendant had forced himself on this victim. The Court indicated in sentencing the defendant that the two co-defendants had received identical sentences pursuant to pleas of guilty. The defendant complains in brief of the trial court’s failure to articulate mitigating factors in this defendant’s favor. The brief, however, adverts to no substantial mitigating factor that existed in favor of this defendant which the trial court failed to consider. We find no failure of the trial court to articulate sentencing considerations concerning this defendant. Further, we find no abuse of discretion of the trial court’s imposition of this five year hard labor sentence for this offense. As the trial judge noted, the offense of several inmates sexually attacking a fellow inmate in a prison environment is not only reprehensible to society but is traumatic to the victim as well. There is nothing in the nature of the offense nor the defendant’s background as displayed by the record and presentence investigation to recommend leniency. Accordingly, the defendant’s sentence is affirmed.
AFFIRMED.