SEXTON, Judge.
The defendant, William Degrate, age 25, was charged by bill of information with two counts of distribution of Phencyclidine (PCP), a Schedule I drug, a violation of LSA-R.S. 40:966. After a trial by jury the defendant was acquitted on count one and convicted as charged of distribution of PCP under count two of that bill of information. After the receipt of a pre-sentence investigation by the district court judge, he sentenced the defendant to four years at hard labor for the offense of distribution of Phencyclidine, which offense carries a maximum imprisonment term of ten years at hard labor and a maximum fine of $5,000, The defendant appeals claiming a failure on the part of the trial court to properly articulate sentencing considerations sufficient to justify the imposition of this four year hard labor sentence, and further complains of the excessiveness of the sentence actually imposed.
Finding no failure on the part of the trial court to properly articulate sentencing considerations, and further finding no abuse of discretion in the trial court’s imposition of this four year hard labor sentence for the instant offense, we affirm.
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Ham-monds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied, 439 So.2d 1074 (La. 1983).
*793 The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tally, 430 So.2d 124 (La.App. 2d Cir. 1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983); State v. Smith, 433 So.2d 688 (La.1983).
The defendant was convicted of the sale of a cigarette coated with Phencycli-dine to an undercover police officer for the sum of $30 on July 28, 1983. The testimony of the undercover officer indicated that the defendant had a number of other similar cigarettes for sale at the time this cigarette was purchased from the defendant.
At the time of sentencing, the court filed a form pertaining to the mitigating circumstances of Art. 894.1. Therein the court found no mitigating circumstances. The court also orally noted the defendant’s previous convictions for simple battery in interfering with an officer, as well as the fact that at least six other misdemeanor charges were then pending against the defendant. The court also pointed out that the defendant only worked part-time. In this regard, we note that the pre-sentence report indicates that the defendant is pleased that he is able to provide for himself by only working two hours a day. Implicit in this boast and the conduct evidenced in this trial is the fact that the defendant is happy to work minimally and supplement his income with the sale of an expensive and extremely dangerous substance. The pre-sentence also noted the defendant’s lack of discipline in his employment and his otherwise undistinguished work record. Also noted, and adverted to by the trial court, is the fact that the defendant has fathered four children by four separate mothers and has never been married. Also noted in the pre-sentence is the finding that the defendant is unable to take orders and cannot tolerate regimentation. Moreover, the report indicates that he appears to be arrogant, brash and is found offensive “to most people.”
The trial court attached primary significance to the seriousness of the offense committed. The court particularly noted that the defendant had a number of other cigarettes for sale at the price of $30 each and that the defendant’s conduct was secretive and surreptitious, indicating that the defendant was well-versed in the methods to best avoid detection of his criminal activity by law enforcement. The trial court was particularly offended by the known potential of the substance sold “to produce extremely harmful effects.” We agree that this is a particularly harmful drug, and its potential for harm needs no further elaboration here. Although the defendant is a first felony offender, this offense is indeed serious.
Our examination of this record does not indicate any failure on the part of the trial court to properly articulate sentencing considerations under the requirements of LSA-C.Cr.P. Art. 894.1. The articulation adequately supports the trial court’s imposition of a sentence which is less than one-half of the maximum available imprisonment term which could be imposed upon this defendant. Moreover, the sentence imposed is further substantiated by the entire record, including the pre-sentence investigation. Finding the articulation of sentencing considerations adequate to support the sentence imposed, and finding no constitutional excessiveness in the hard labor sentence imposed upon this defendant, the defendant’s sentence and conviction is affirmed.
AFFIRMED.