SEXTON, Judge.
The defendant, Annette Mitchell, age 25, was charged by bill of information with three counts of forgery in violation of LSA-R.S. 14:72. A violation of LSA-R.S. 14:72 is punishable by a fine of not more than five thousand dollars or imprisonment with or without hard labor for not more than ten years or both. The defendant entered pleas of guilty to all three charges of forgery. There is no indication from the record that these pleas of guilty were made pursuant to any plea agreement or understanding. After the review of a pre-sen-tence investigation, the trial court sentenced the defendant to four years at hard labor on each count of forgery and ordered that these three sentences be served consecutively. The defendant now complains that the trial court failed to adequately comply with the requirements of LSA-C. Cr.P. Art. 894.1 in articulating sentencing considerations and further erred by imposing a constitutionally excessive sentence. We affirm.
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied, 439 So.2d 1074 (La.1983).
The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983). While the trial judge need not articulate every aggra *5 vating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983); State v. Smith, 433 So.2d 688 (La.1983).
The prosecution and conviction of the defendant arose from the defendant’s having fraudulently endorsed three checks which totaled $473.51. In sentencing the defendant, the trial court adverted to the defendant’s prior history of criminality. At the time of the sentencing on these three offenses, the defendant was awaiting sentencing for the same offense in the First Judicial District Court (Caddo Parish). The defendant had prior felony convictions for forgery in 1981 in Texas and for possession of a Schedule II CDS in 1982 in Louisiana. In addition, the defendant had two misdemeanor convictions for property related offenses. According to the pre-sentence investigation, the defendant’s behavior while on parole from the Texas Department of Corrections was unsatisfactory. The pre-sentence investigation indicates that the defendant has one minor child but also has parents in the Shreveport area who may be able to care for the child.
The record before this Court indicates inadequate articulation of sentencing considerations under LSA-C.Cr.P. Art. 894.1. In fact, the trial court, in written reasons for sentence filed into the record incorrectly states that because the defendant is ineligible for probation as a multiple felony offender that it is not necessary to articulate the reasons for sentence required by LSA-C.Cr.P. Art. 894.1. This statement is in error. However, even in the absence of adequate compliance with the mandate of LSA-C.Cr.P. Art. 894.1, it is not necessary for an appellate court to remand for resentencing in compliance with 894.1 when the sentence imposed is not apparently severe in relation to the particular offender or the actual offense committed. State v. Davis, 448 So.2d 645 (La.1984).
The trial court had before it for sentencing a third felony offender with a history of criminality similar to the instant offense. In addition, the defendant was pending sentence on a similar offense in another jurisdiction. This sentence, although lengthy, is less than half the total time imposable under the offenses pled to by the defendant. Defendant’s history indicates a propensity toward the commission of property crimes. We determine that while the sentence imposed by the trial court test the upper limits of discretion,. we determine that it is not constitutionally excessive and further find that the record adequately supports the imposition of these three consecutive four year hard labor sentences. Accordingly, the defendant’s sentences are affirmed.
AFFIRMED.