LINDSAY, Judge.
The defendant, Billy Joe Allen, was originally charged with one count of simple robbery (No. 21,266-KA), in violation of LSA-R.S. 14:65, and one count of forgery (No. 21,267-KA), in violation of LSA-R.S. 14:72. Pursuant to a plea arrangement, the defendant pled guilty to the charge of simple robbery and a charge of theft of more than $100 but less than $500, in violation of LSA-R.S. 14:67. The trial court sentenced the defendant to the maximum terms of imprisonment for each of these offenses, seven years at hard labor for simple robbery and two years at hard labor for middle grade theft. The trial court further directed that the sentences be served consecutively.
The defendant appeals from these sentences, arguing excessiveness and inadequate articulation of the basis for the sentences. For the reasons assigned below, we affirm the defendant’s sentences.
FACTS
On January 22, 1988, the defendant forced the female victim’s car off River Road in Richland Parish. The defendant approached the victim, who was sitting in the driver’s seat, and reached through her window to grab her purse and keys. He then returned to his vehicle and departed. As he drove away, the victim observed the license number of the car. She then walked down the road to a nearby house to summon the authorities.
When the defendant took the victim’s purse, it contained, among other things, her checkbook. The defendant subsequently forged one of her checks in the amount of $141 at McLemore’s Jitney Jungle in Rayville, Louisiana.
The police used the license plate number to locate the owner of the car, who recounted loaning the vehicle to the defendant. After his arrest, the victim identified the defendant as her assailant from a photographic lineup.
Separate bills of information filed on May 9, 1988, charged the defendant with simple robbery and with forgery. On December 5, 1988, the defendant pled guilty pursuant to a plea bargain. The forgery charge was amended to a charge of middle grade theft. The defendant entered guilty pleas to the amended charge of theft and to the original simple robbery charge. The trial court ordered a presentence investigation (PSI) report.
On March 15, 1989, the defendant was sentenced. The trial court imposed the maximum possible sentences of imprisonment for each offense, seven years at hard labor for simple robbery and two years at hard labor for middle grade theft. The trial court ordered that the sentences be served consecutively.
The defendant appeals from his sentences. He contends that the trial court failed to adequately articulate the sentencing considerations under LSA-C.Cr.P. Art. *1126 894.1 and that the sentences were unconstitutionally excessive.
LAW
In determining whether a sentence is excessive, the test imposed by the reviewing court is two-pronged. First, the record must show that the trial court took cognizance of the factors set forth in LSA-C.Cr.P. Art. 894.1 which enumerates criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied 435 So.2d 438 (La.1983).
While the trial court need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir. 1983), writ denied 438 So.2d 1112 (La.1983).
The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). Important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied 521 So.2d 1143 (La.1988).
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing court. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra; State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983).
A sentence is unconstitutionally excessive in violation of La. Const. 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (La.1983).
In selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions, but may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied 452 So.2d 695 (La. 1984). As a general rule, maximum or near maximum sentences are to be reserved for the worst offenders and the worst offenses. State v. Lathers, 444 So.2d 96 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983); State v. Williams, 454 So.2d 1287 (La.App. 2d Cir.1984). However, in eases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the benefit received by a plea bargain agreement and the attendant reduction in potential exposure to criminal penalty is a proper sentencing consideration particularly where the offense involves violence. State v. Griffin, 455 So.2d 681 (La.App. 2d Cir.1984), writ denied 458 So.2d 128 (La.1984); State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984); State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
DISCUSSION'
The defendant contends on appeal that the sentences imposed by the trial court are excessively harsh and that the trial court failed to adequately articulate the factors enumerated in Article 894.1.
*1127 Our examination of the record demonstrates that the trial court’s articulation lacked factual specificity. The trial court stated that it had carefully studied the PSI report, the defendant’s prior criminal record, the offense report, and the mitigating factors in view of Article 894.1. The trial judge stated that the defendant’s past criminal record indicated the defendant was in need of correctional treatment and he was predisposed to continue his criminal activities. The trial court considered, but rejected, the defendant’s drug addiction as a mitigating factor. The trial court further found no other mitigating factors in the defendant’s favor.
While the trial court’s articulation was inadequate, failure to comply with Article 894.1 does not automatically render a sentence invalid. State v. Fontenot, 438 So.2d 1301 (La.App. 3rd Cir.1983); State v. Lanclos, supra. Further examination of the record reveals that it fully supports the sentences imposed upon the defendant. Consequently, remand for resentencing is unnecessary.
The defendant’s criminal conduct demonstrated great disregard for the victim’s personal safety. His actions in pursuing her car and trying to force her off the road could have easily led to serious physical injury, as could his confrontational actions in snatching her purse and keys from the interior of the car.
The victim’s statements in the PSI report show that she was traumatized by the defendant’s criminal conduct and that she is now afraid to drive alone. Her estimated financial loss for the theft of her purse and its contents was about $100. Jitney Jungle, the establishment where the defendant forged the victim’s check, incurred the loss of the check amount of $141. No restitution was made by the defendant.
The defendant had a lengthy criminal record. In 1974, he was convicted of unauthorized use of a movable. On separate occasions in 1975, the defendant was charged with theft of a gun, speeding, and two different charges of theft. One of the theft charges was dismissed; for the other theft charge, he received unsupervised probation for one year. On all other charges he was sentenced to either pay a fine or serve a jail term.
In 1978, the defendant was convicted of two counts of forgery. The defendant was given suspended concurrent terms of four years at hard labor on each count and placed on supervised probation for five years. In 1979, the defendant was convicted of attempted armed robbery and sentenced to serve ten years at hard labor. (As a result of this conviction, the defendant’s probation for the forgery charges was terminated unsatisfactorily.) In 1986, his sentence was commuted to eight years.
The thirty-two year old defendant was a high school graduate who maintained a lengthy employment history in a variety of jobs. However, he admitted drug and alcohol use for a period of fifteen years, and/ stated to the probation officer that he had used a multitude of drugs ranging from marijuana to heroin. The defendant further stated that at the time of the present offenses, he had recently returned from California and was using cocaine almost daily. In fact, he contended that he lacked total recall of the offenses. While he recalled snatching the victim’s purse and driving away, he did not remember disposing of the purse or forging the check.
Considering the defendant’s past criminal record, he appears to be a “worst offender.” Further, the defendant received substantial benefit from the plea bargain which reduced the forgery charge to theft. The offense of forgery is punishable by a fine of $5,000 or a term of imprisonment for ten years, with or without hard labor, or both. Theft of more than $100 but less than $500 carries a maximum possible penalty of a fine of $2,000 or imprisonment for two years, with or without hard labor, or both. Additionally, the maximum penalty for simple robbery is a fine of $3,000 or imprisonment for seven years, with or without hard labor, or both.
Given the defendant’s lengthy prior criminal record, the circumstances of the present offenses (including the potential danger to the victim and the actual financial losses), and the benefit received by the *1128 defendant in the plea bargain, we find that the sentences imposed by the trial court were not excessive.
CONCLUSION
The defendant’s sentences are affirmed.
AFFIRMED.
SEXTON, J., concurs.