561 So.2d 889 (1990)
STATE of Louisiana, Appellee,
v.
Robert Lee WILSON, Appellant.
No. 21711-KA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 1990.
Robert R. Earle, Farmerville, for appellant.
William J. Guste, Jr., Atty. Gen., and T.J. Adkins, Dist. Atty., Ruston, Joseph A. Cusimano, Asst. Dist. Atty., Farmerville, for appellee.
Before FRED W. JONES, Jr., SEXTON and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Robert Lee Wilson, appeals as excessive his sentence to five years at hard labor for the offense of attempted *890 sexual battery, a violation of LSA-14:27 and 14:43.1. We affirm.

FACTS
On the evening of March 14, 1989, the defendant entered the Tri-Ward Hospital in Bernice, Louisiana. He went to the room of an elderly female patient and got into bed with her. The defendant began to make sexual advances and a struggle ensued. During the course of the struggle, the defendant struck the victim in the left eye. The defendant fled, but was later apprehended and arrested.
On May 3, 1989, the defendant entered a plea of guilty to the charge of attempted sexual battery. On September 6, 1989, the defendant was sentenced to serve five years at hard labor. The defendant has appealed, claiming the sentence imposed was excessive.

LAW
In determining whether a sentence is excessive, the test imposed by the reviewing court is two-pronged. First, the record must show that the trial court took cognizance of the factors set forth in LSA-C.Cr.P. Art. 894.1 which enumerates criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied 435 So.2d 438 (La. 1983)
While the trial court need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir. 1983), writ denied 438 So.2d 1112 (La.1983).
The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). Important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied 521 So.2d 1143 (La.1988).
After determining whether the provisions of LSA-C.Cr.P. Art. 894.1 have been complied with by the trial court, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing court. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra; State v. Brooks, 431 So.2d 865 (La. App. 2d Cir.1983).
A sentence is unconstitutionally excessive in violation of La.Const.1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (La.1983).
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions, but may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied 452 So.2d 695 (La. 1984). As a general rule, maximum or *891 near maximum sentences are to be reserved for the worst offenders and the worst offenses. State v. Lathers, 444 So.2d 96 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983); State v. Williams, 454 So.2d 1287 (La.App. 2d Cir.1984). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the benefit received by a plea bargain agreement and the attendant reduction in potential exposure to criminal penalty is a proper sentencing consideration particularly where the offense involves violence. State v. Griffin, 455 So.2d 681 (La.App. 2d Cir. 1984), writ denied 458 So.2d 128 (La.1984); State v. Richardson, 446 So.2d 820 (La. App. 2d Cir.1984); State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
A trial court is not required to render a suspended sentence or probation on a first felony offense, but may consider whatever factors and evidence are deemed important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tully, supra.

DISCUSSION
The record reflects that the trial court took cognizance of the provision of LSA-C.Cr.P. Art. 894.1 in sentencing this defendant.
At the time of sentencing, the defendant was nineteen years old. He had been released from juvenile incarceration approximately one month prior to committing the present offense. The court noted that the defendant had an extensive juvenile record and an admitted "sexual problem." The court noted the defendant admitted that he intended to rape the victim when he entered her room. The court found that the offense threatened serious physical and emotional harm to the victim. The court found that the defendant struck the victim during the course of the attack and that there was no provocation which induced the defendant to commit the offense. The court found that no hardship would be suffered by the defendant if incarcerated. The court noted that there was an undue risk that the defendant would commit other crimes if placed on probation and found the defendant to be in need of correctional treatment best provided by commitment to an institution.
The court stated that a sentence less than five years at hard labor would deprecate the seriousness of the offense. Based upon these facts set forth in the record, we find the trial court complied with the sentencing guidelines of LSA-C. Cr.P. Art. 894.1.
In addition, we do not find that the sentence imposed is unconstitutionally excessive in violation of LSA-La. Const. 1974, Art. 1 § 20.
The defendant received the maximum sentence for attempted sexual battery under LSA-R.S. 14:27 and 14:43.1. The sentence was tailored to both the offender and the offense. The defendant was nineteen years old at the time of sentencing. However, he had an extensive juvenile criminal record and admitted he intended to rape the elderly, medicated victim when he wandered into the hospital and entered the victim's room. The defendant admitted that he had a "sexual problem". The defendant struck the victim in the left eye during the course of the attack. Given these factors, imposing the maximum sentence of five years at hard labor upon this defendant is not an abuse of discretion nor is the sentence unconstitutionally excessive.

CONCLUSION
For the reasons stated above, we affirm the sentence of the defendant, Robert Lee Wilson, to five years at hard labor for the offense of attempted sexual battery.
AFFIRMED.