MARVIN, Judge.
Daniels appeals as excessive, his sentence to 4V2 years at hard labor after pleading guilty to carnal knowledge of a juvenile. LRS 14:80. He also contends that the trial court did not comply with CCrP Art. 894.1. We affirm.
Defendant was exposed to a 10-year sentence. As a second felony offender, he was exposed to a 20-year sentence, but as a part of the plea bargain, the State agreed not to invoke LRS 15:529.1. The trial court referred to a PSI report on defendant during the sentencing hearing. That report is contained in the appellate record.
The victim was the 16-year-old sister of defendant’s girlfriend. She contended that defendant raped her. Defendant asserted that the victim consented to sexual intercourse on his promise to pay her $30. The trial court considered the conflicting statements and was “not convinced one way or the other” that a rape occurred, but found that defendant “at least” admitted the crime of carnal knowledge. The trial court also considered the PSI which reveals defendant’s 1979 conviction of felony theft and his poor military record and work history.
While the trial judge need not articulate every aggravating and mitigating circumstance outlined in CCrP Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied; State v. Cunningham, 431 So.2d 854 (La.App.2d Cir.1983); State v. Smith, 433 So.2d 688 (La.1983).
The record sufficiently illumines the sentencing considerations of the trial court to. support the imposition of a 4'/a year hard labor sentence. The articulation of sentencing considerations by the trial court is not so insufficient as to warrant remand for resentencing. The sentence is not excessive in light of the circumstances of the offense and the defendant’s prior history.
AFFIRMED.