PER CURIAM.
In this appeal, the defendant challenges his consecutive sentences for two separate offenses of attempted possession of methamphetamine and attempted possession of marijuana. The two eases reached us separately and have been consolidated for the purposes of this opinion. We affirm.
The defendant, Trig Denstell, age 26, was charged by bill of information with one count of possession of methamphetamine with intent to distribute in violation of LSA-R.S. 40:967, one count of possession of marijuana, second offense, in violation of LSA-R.S. 40:966, and one count of possession of drug paraphernalia in violation of LSA-R.S. 40:1033. On January 30, 1985, pursuant to plea negotiations, the defendant pled guilty to one count of attempted possession of marijuana, second offense, and one count of attempted possession of methamphetamine. The penalty for attempted possession of methamphetamine is imprisonment at hard labor for not less than one year and not more than two and one-half years, and, in addition, a fine not to exceed $2,500. The penalty for attempted possession of marijuana, second offense, is imprisonment at hard labor for not more than two and one-half years, and, in addition, a fine not to exceed $2,500.
The charges against the defendant arose from the following facts. On October 29, 1984, officers of the Metro-Narcotics Unit of the Monroe Police Department received information from a reliable, confidential informant (RCI) that the defendant was selling methamphetamine. Surveillance of the defendant was set up at a shopping center in Monroe and the RCI arranged to purchase methamphetamine from the defendant at that location. The RCI purchased a gram of methamphetamine for $100, and then was advised by the defendant that the defendant could sell two more grams in the immediate future. A second sale was arranged for that same night. However, Denstell would only agree to meet the RCI behind the defendant’s residence. Once again, surveillance was set up behind the defendant’s house and when the defendant appeared, he was arrested by officers of the Metro-Narcotics Unit. A search of the defendant’s person revealed a partially burned marijuana cigarette and two plastic bags containing methamphetamine. A consensual search of the defendant’s house revealed hemostats, syringes, a glass vial, a paper with names and phone numbers, and a cellophane container.
The defendant was subsequently sentenced on February 15, 1985 to two years at hard labor in each case, the sentences to run consecutively. The defendant now pursues this appeal asserting two assignments of error.
In his first assignment of error, defendant maintains that the trial court erred in sentencing the defendant to consecutive two year sentences. Defendant maintains that because the crimes arose out of a single course of conduct, the sentences should be served concurrently instead of consecutively. LSA-C.Cr.P. Art. 883 states:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall re- *933 fleet, the date from which the sentences are to run concurrently.
However, as stated by the Louisiana Supreme Court in State v. Williams, 445 So.2d 1171 (1984):
“While it is true that as a general rule sentences served for crimes arising out of a single course of conduct are served concurrently instead of consecutively, this court has never held that consecutive sentences are necessarily excessive. Other factors must be considered.”
The defendant had been convicted on very similar drug offenses approximately one year prior to the instant offenses and was on probation at the time of this offense. Although the defendant had challenged this previous conviction by way of a Crosby plea and an appeal asserting the invalidity of the search involved — an issue decided adversely to him approximately two weeks after his sentencing in our No. 16,672-KA of February 27, 1985 — the defendant’s behavior demonstrates a continued involvement in the illegal trafficking of drugs and represents a danger to the community. In light of the defendant’s prior criminal activity of the same nature, it cannot be said that the trial court erred in imposing consecutive sentences.
The defendant maintains as his second assignment of error that the sentences imposed by the trial court are constitutionally excessive in light of LSA-C.Cr.P. Art. 894.1 and the facts of this case.
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied, 439 So.2d 1074 (La.1983).
The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La.1983).
A sentence is constitutionally excessive in violation of Louisiana Constitution of 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra.
In sentencing the defendant, the trial court adverted to the serious nature of the crimes committed by the defendant and noted that the introduction of drugs into a community represents a serious threat to the community. The court recognized that the defendant had a problem with addiction to drugs. The pre-sentence investigation reveals that the defendant has not seriously sought help for his drug problem. The trial court also noted that the defendant is classified as a second offender due to a previous drug conviction occurring approximately one year prior to the instant offenses and was on probation therefrom. The court found that the defendant had been trafficking in drugs for an extended period of time and was not a youthful offender. These circumstances indicate that the defendant was not only a drug user but also a dealer for profit.
The court took into account the limited education of the defendant, the effect of the death of the defendant’s father upon the defendant, and the fact that the defendant had a history as a good worker, including the fact that the defendant was a *934 trained electrician and had an excellent potential in that field. Despite this training and ability, even after his first arrest on drug charges, the defendant has not chosen to change his ways and pursue a lawful course of activity. The pre-sentence investigation revealed that the defendant is believed to be heavily involved with local drug activity. Further, the court found as an aggravating circumstance the quantity of drug paraphernalia seized pursuant to the defendant’s arrest.
Under the circumstances of this case, considering the defendant’s heavy involvement with local drug activity, the quantity of drug paraphernalia seized, the important fact that the defendant returned to this course of conduct while out on probation subsequent to an earlier conviction on similar drug charges, and the trial court’s determination based on the pre-sentence report that a period of correctional treatment was necessary, we are unable to say that the sentences imposed are excessive.
Thus, we cannot and do not find that the trial court has imposed constitutionally excessive sentences or that the trial court erred in ordering the sentences to run consecutively.
For the reasons aforesaid, the two sentences appealed are affirmed.
AFFIRMED.