449 So.2d 1171 (1984)
STATE of Louisiana, Appellee,
v.
George KNIGHTON, Jr., Appellant.
No. 16,126-KA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1984.
*1172 Edward L. Henderson, Grambling, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Tommy Adkins, Dist. Atty., Ruston, Joseph A. Cusimano, Jr., Asst. Dist. Atty., Farmerville, for appellee.
Before PRICE, SEXTON and NORRIS, JJ.
NORRIS, Judge.
Defendant, George Knighton, Jr., appeals a jury conviction of attempted second degree murder in violation of La.R.S. 14:27 and 30.1 and the resulting sentence of twenty years imprisonment at hard labor without benefit of parole, probation or suspension of sentence [See La.C.Cr.P. Art. 893.1], assigning three errors:

*1173 (1) The court erred in sentencing defendant to 20 years at hard labor because said sentence was excessive and not required for rehabilitative purposes;
(2) The testimony herein was conflicting and without solid foundation upon which to return the verdict of guilty as charged; [and]
(3) The court erred in sustaining State's objection to relevancy of incidents occurring prior to the matter being heard in court.
We have considered these assignments in reverse order, and finding no merit therein, we affirm.

FACTS
On October 2, 1982, defendant and his girlfriend, Doris Knighton, attended a wedding reception at the home of a friend whose son had been married. Several hours prior to arriving at the reception, defendant had sent his girlfriend to the home of a friend to obtain a .22 pistol and two bullets. Upon arriving at the location of the reception, the defendant informed his girlfriend that there was going to be "some shooting tonight." When the defendant exited his vehicle, he had the pistol at belt level inside his pants. Words were exchanged between the defendant and the victim inside of the house and both went into the yard of the residence where the reception was being held. There, more words were exchanged between the two after which the defendant pulled the gun and shot the victim in the back. The victim then turned, advanced toward the defendant and was shot again in the chest. The defendant continued to point the gun at the victim and pull the trigger but the gun did not fire again. The victim continued to advance upon the defendant and they began struggling over the gun. The victim at some point after the two shots were fired pulled a knife and stabbed the defendant during the struggle.

ASSIGNMENTS OF ERROR NOS. 2 AND 3
In connection with these assignments of error which are briefed together, the defendant first argues that the testimony presented at trial was conflicting and without solid foundation upon which to return a verdict of guilty as charged. In effect, the defendant, who claimed that the shooting was done in self defense, asks that we evaluate the credibility of the witnesses and overturn the trier of fact on its factual determination of guilt. This is not the function of the court on appeal. See State v. Richardson, 425 So.2d 1228 (La. 1983); State v. Williams, 448 So.2d 753 (La.App.2d Cir.1984); State v. Wilkerson, 448 So.2d 1355 (La.App.2d Cir.1984). Because it is the role of the fact finder to weigh the respective credibilities of the witnesses, an appellate court will not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson v. Virginia standard of review. State ex rel Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Williams, supra; State v. Wilkerson, supra.
Evidence is sufficient to support a conviction when any rational trier of fact in viewing the evidence in the light most favorable to the prosecution, could have concluded that the essential elements of the crime were proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The defendant was tried for attempted second degree murder. La.R.S. 14:27 provides:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; by lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the *1174 intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
D. Whoever attempts to commit any crime shall be punished as follows:
(1) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years.
* * * * * *
La.R.S. 14:30.1 provides:
Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm.
Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
Thus, it was necessary that the state prove beyond a reasonable doubt that the defendant had a specific intent to kill the victim or to inflict great bodily harm upon him and engaged in some act in an attempt to accomplish this purpose. The evidence conclusively shows that the defendant shot the victim first in the back and then in the chest, all before the victim displayed any weapon. The testimony of the defendant's girlfriend who testified on behalf of the defense shows that the defendant sent her to obtain the gun which was used and two bullets and that the defendant told her before leaving his vehicle that she should be careful because there was going to be some shooting.
In connection with this argument, defendant contends that the trial court erroneously sustained the state's objection to conversations between the defendant's girlfriend and the victim. The conversation sought to be admitted occurred a week prior to the shooting and consisted of the victim's telling the defendant's girlfriend not to be afraid of the victim or to talk to the victim. After hearing this testimony outside the presence of the jury, the trial court sustained the state's objection on the grounds of relevancy.
A trial court has broad discretion in determining the relevancy of evidence and its determination will not be set aside absent a clear abuse of discretion and a showing of prejudice by the defendant. State v. Allen, 440 So.2d 1330 (La.1983). Relevancy of evidence is determined by the purpose for which it is offered. State v. Kahey, 436 So.2d 475 (La.1983). This evidence was sought to be introduced to support the defendant's position that he had shot the victim in self defense. We conclude that the statement sought to be admitted in and of itself would not have supported the claimed defense; therefore, we are unable to say that the trial court's determination that this statement should be excluded was a clear abuse of discretion which prejudiced the defendant.
Applying the proper sufficiency standard of review, we conclude that any rational trier of fact could have found the essential elements of the crime of attempted second degree murder proved beyond a reasonable doubt.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 1
In connection with this assignment, the defendant contends that the trial court erred in imposing a sentence which was excessive, harsh, and without necessity for purposes of rehabilitation.
*1175 In sentencing this defendant, the trial judge stated that he had carefully reviewed the pre-sentence investigation report which was stated to form a significant basis for the sentence imposed. The trial judge further noted that he had paid careful attention to the testimony presented at trial. The trial judge felt that because of the manner in which this shooting occurred that there would be a significant risk that during the period of any suspended sentence, that the defendant would commit another crime, particularly one similar to the instant offense. This conclusion was based on the defendant's past criminal record which reveals numerous instances of crimes involving force or weapons, including battery, illegal use of weapons, aggravated assault, and carrying a concealed weapon. It was therefore concluded that the defendant was in need of correctional treatment that could be provided most effectively by commitment to an institution and that a lesser sentence than the one imposed would deprecate the seriousness of the defendant's crime. It was the trial judge's firm opinion that not only did the defendant clearly cause and threaten serious bodily harm to the victim but that the defendant contemplated that his criminal conduct would cause or threaten serious harm. The trial judge went on to reject the defendant's contention that he was acting in self defense and stated that there were no grounds whatsoever tending to excuse or justify the defendant's conduct. It was further found that the victim had not induced or facilitated in the commission of the offense. It was concluded that the defendant has a significant prior history of criminal activity and that he does not show any indication of being able to engage in proper social conduct. It was concluded that based on his past acts defendant's actions were the results of circumstances likely to recur. It was particularly noted that after the instant offense occurred, that defendant was involved in another incident in which another individual was actually killed. While defendant's poor health was noted, that fact was not felt to militate in favor of a lighter sentence than the one imposed.
Our review of the record reveals meticulous compliance with La.C.Cr.P. Art. 894.1 in sentencing this defendant. When Article 894.1 has been complied with, a sentence should not be set aside as excessive in the absence of a clear abuse of the wide discretion accorded a trial judge in the imposition of sentences within statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983).
We find no such abuse in the instant case. The extended imprisonment is not needless and purposeless but is imposed to negate the defendant's opportunity to commit such crimes in the future. Accordingly, the sentence is not excessive.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.