494 So.2d 1258 (1986)
STATE of Louisiana, Appellee,
v.
Odis Lee WOODS, Appellant.
No. 17936-KA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1986.
*1259 Napper, Waltman, Madden & Rogers by Lee Waltman, Ruston, for appellant.
William J. Guste, Atty. Gen., Baton Rouge, T.J. Adkins, Dist. Atty., Dan J. Grady, III, Asst. Dist. Atty., Ruston, for appellee.
Before MARVIN, JASPER E. JONES and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Odis Lee Woods, appeals his conviction for armed robbery, a violation of LSA-R.S. 14:64, alleging the state failed to prove guilt beyond a reasonable doubt, that the trial court erred in denying his motion for new trial, and that the sentence imposed was excessive. We affirm the defendant's conviction and sentence.
On August 5, 1982, at approximately 8:00 p.m. a man wearing a stocking mask entered the Handee Mart Store in Ruston, Louisiana armed with a pistol. The individual came around behind the counter, opened his jacket to show the store clerk, Carolyn Griffin, that he had a gun, then ordered her to open the floor safe. When she was unable to do so, the assailant then directed Griffin to open the cash register. The assailant took $171.31 and fled the scene. Outside the store, a witness, Linda Goforth, who had previously seen the defendant behind the Handee Mart with some other man, was using the telephone. She observed the robbery and telephoned the police who arrived promptly and arrested Robert Lee Williams and Edwin Lee Burks near the scene. The defendant, Odis Lee Woods, was also subsequently arrested.
Following his arrest, the defendant was charged with armed robbery. He was convicted by a jury and sentenced to serve 50 years at hard labor without benefit of parole, probation or suspension of sentence.
The defendant now appeals his conviction and sentence, urging three specifications of error. The defendant first argues there was insufficient evidence upon which to base a conviction. Next, defendant argues the trial court erred in denying his motion for a new trial. Finally, defendant argues the sentence is excessive. For the following reasons we find defendant's contentions to be meritless.

SUFFICIENCY OF EVIDENCE
The defendant contends there was insufficient evidence upon which to base this conviction in that the state failed to convincingly establish that the defendant was the individual who committed the robbery. The defendant argues his identification as the robber was based upon observations of the assailant by Carolyn Griffin and Linda Goforth for only a few seconds while the individual who committed the crime was wearing a stocking mask to disguise his identity. The defendant also argues that the identification made by Robert Lee Williams is tainted because Williams testified in exchange for dismissal of the charges which had been filed against him. The defendant contends that Williams originally identified someone named "L.C." as having committed the robbery.
At the trial, the victim of the robbery, Carolyn Griffin, and the witness using the telephone, Linda Goforth, both testified and identified the defendant as the person who committed the robbery. Robert Lee Williams also testified and identified the defendant as the perpetrator of the robbery. According to Williams, he and Burks met the defendant near the store. The defendant attempted to enlist the aid of Williams and Burks in committing the robbery. Williams stated the defendant, who was armed with a pistol capable of firing both BB's and pellets, gave him a stocking mask. Williams and Burks were to be stationed outside the store while the defendant went inside and committed the robbery. Williams testified he did not want to be *1260 involved in the robbery and when the defendant entered the store, he began walking away and discarded the stocking mask. Williams said when he saw the police, he ran, but was apprehended. Williams had a stocking mask in his pocket at the time of his arrest but said the defendant must have given him more than one mask.
In his defense, the defendant offered several alibi witnesses to establish that he was involved in a card game at the time this robbery occurred. However, the defendant's witnesses indicated the card game went on all day on the date of the robbery and that people came and went freely during the day. Although the witnesses testified that the card game proceeded until after dark, they were not specific as to what time of day the card game broke up or exactly when the defendant left.
In reviewing the sufficiency of evidence, the record evidence, viewed in the light most favorable to the prosecution, must be sufficient for a rational juror to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Smith, 441 So.2d 739 (La.1983). Stated another way, the test is the reasonableness of the ultimate conclusion on the facts and inferences drawn from the facts in a particular case. State v. McFadden, 476 So.2d 413 (La.App.2d Cir.1985), writ denied 480 So.2d 739 (La.1986).
In this case, there was ample eye witness testimony establishing the identification of the defendant as the perpetrator of the robbery. Griffin was familiar with the defendant as the defendant was frequently in the store. In addition, both Griffin and Goforth testified the person who committed the robbery had tattoos on his face just as the defendant possessed.
Williams identified the picture of the defendant as the person who committed the robbery but simply misstated the defendant's name.
In addition, Williams testified extensively regarding defendant's plans to rob the store and his attempt to enlist aid in carrying out his crime. Defendant argues that Williams' testimony is tainted because he was involved in the commission of the crime and may have received leniency from the prosecution in exchange for his testimony.
A showing of a witnesses' bias or interest is proper for impeachment purposes. LSA-R.S. 15:42. Such a showing exposes for the trier of fact any bias or interest the witness may have that would influence his perceptions or color his testimony. State v. Sweeney, 443 So.2d 522 (La.1983). The hope or knowledge that the witness may receive leniency from the state is highly relevant to establish bias or interest. State v. Reed, 441 So.2d 1259 (La.App. 1st Cir.1983). However, such a showing goes to the weight to be given to the testimony.
In this case, the jury made a credibility determination of the witnesses' testimony. The trier of fact may accept or reject in whole or in part, testimony of any witness. State v. McFadden, supra. This is the proper role of the trier of fact and the appellate court will not second guess such credibility determinations other than to make the sufficiency review under the standards announced in Jackson v. Virginia, supra.
Under the facts of this case, there was ample evidence to establish the defendant's identity as the perpetrator of this crime beyond a reasonable doubt. Williams' testimony was corroborated by that of Griffin and Goforth, parties who did not have the same bias or interest as that possessed by Williams. The defendant's alibi witnesses failed to adequately establish his presence at another location during the commission of the crime. Under these facts, we conclude that the state adequately established defendant's identity as the perpetrator of this offense.

MOTION FOR NEW TRIAL
The defendant contends the trial court erred in denying his motion for new trial based upon the contention that a dangerous *1261 weapon was not used in the robbery and therefore the state failed to prove an essential element of the offense. Defendant argues that to constitute a dangerous weapon, the object, in the actual manner used, must be likely to cause death or great bodily harm. Defendant argues that the gun in his possession was not drawn and no threats were made. In addition, there was no testimony that the gun was loaded or that it was in working condition. The defendant claims the determinative factor in deciding whether a dangerous weapon is used is not the victim's subjective reaction, but whether the gun is used in a manner which, in actual fact, is likely to cause death or great bodily harm. Defendant argues that the test was not met in this case because the gun was kept inside his shirt and it posed only a threat to himself.
A ruling on a motion for new trial is committed to the sound discretion of the trial judge and will not be disturbed on appeal absent a showing of abuse of discretion. State v. Humphrey, 445 So.2d 1155 (La.1984); State v. Griffon, 448 So.2d 1287 (La.1984). In the present case, denial by the trial judge of the defendant's motion for new trial was not an abuse of discretion and was in accordance with the jurisprudence dealing with the use of a dangerous weapon in the commission of a crime.
Armed robbery is defined in LSA-R.S. 14:64 as:
[T]he taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
The defendant contends the BB or pellet gun did not meet the definition of a dangerous weapon contained in LSA-R.S. 14:2(3):
[A]ny gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm.
Simply stated, defendant argues that because the gun was never drawn, and because there was no proof that it was loaded or workable, it was not used in a manner likely to cause death or great bodily harm. This contention is meritless.
It is clear that a loaded gun, pointed at a robbery victim, carries the inherent threat that death or great bodily harm is likely to result. However, the jurisprudence has also long held that unworkable or unloaded guns can constitute dangerous weapons when used in a manner likely to produce death or great bodily harm. The likelihood of this serious harm can come from the threat perceived by victims and bystanders. The highly charged atmosphere of a pistol robbery is conducive to violence regardless of whether the pistol is loaded or workable because the danger created invites rescue and self-help. State v. Levi, 259 La. 591, 250 So.2d 751 (1971); State v. Johnson, 207 La. 161, 20 So.2d 741 (1945); State v. Leak, 306 So.2d 737 (La.1975). Such a threat may exist even though the gun is not directly pointed at the victim. State v. Gould, 395 So.2d 647 (La.1980).
However, the Supreme Court has been careful to point out that the subjective reaction of the victim is not the sole determinative factor in evaluating whether an instrumentality has been used as a dangerous weapon. State v. Elam, 312 So.2d 318 (La.1975). The Court enunciated a standard in State v. Bonier, 367 So.2d 824 (La.1979) to determine whether a defendant has in fact used a dangerous weapon in the commission of an offense.
The Court pointed out that whether an instrumentality resembling a loaded firearm is a "dangerous weapon" is a factual issue to be decided within the immediate context of an armed robbery case. The trier of fact must first determine whether an inanimate instrumentality was used, and then whether in the manner actually used it was calculated or likely to produce death or great bodily harm. In making its determination, the trier of fact may find that there was an actual likely danger of serious bodily harm to anyone present in the highly charged atmosphere of the scene of a robbery, taking into consideration the great possibility of violence in the interaction *1262 between the offender and the victim thereby put in fear for his life. Here again, the court indicated that the subjective reaction of the victim is indicative but not the sole determinative factor in this evaluation.
Under the facts of the present case, there was sufficient evidence presented under the standard announced in Jackson v. Virginia, supra, for a rational trier of fact to find beyond a reasonable doubt that the defendant used a dangerous weapon in the commission of this robbery, thereby justifying the denial by the trial judge of the defendant's motion for new trial. Robert Lee Williams testified that the defendant was in possession of the BB or pellet pistol and although Williams did not know whether the pistol was loaded or workable, a fair inference from his testimony reveals that he believed it was a dangerous weapon because when the defendant produced the pistol it was at that point that Williams knew the defendant was serious about perpetrating the robbery. Additionally, the store clerk was intentionally shown the pistol by her partially masked assailant, an action carrying the implied threat that if she failed to comply with the defendant's demand, the pistol would be used upon her. We note that in State v. Leggett, 363 So.2d 434 (La.1978), the dangerous weapon test was met where the weapon used was an "air pistol or pellet pistol" which could possibly kill or cause great bodily harm.
Just as in Leggett, supra, the defendant was armed with a pistol capable of firing BB's or pellets and which apparently possessed the capacity to inflict great bodily harm. Because the defendant was armed with a dangerous weapon, the clerk complied with the defendant's demands to hand over the money in the cash register. In addition, the defendant took this action in a store during business hours, creating a strong likelihood that bystanders might come to the aid of the clerk or attempt to thwart the defendant's escape.
Based upon the standards set forth above, there was sufficient evidence in the record from which the jury could conclude beyond a reasonable doubt that the weapon used by the defendant was a dangerous weapon capable of inflicting death or great bodily harm and, further, that the manner in which defendant used the pistol created the likelihood that death or great bodily harm might result from his use of that weapon in the course of the armed robbery.
Therefore, there was sufficient evidence to support the trial court finding that defendant was armed with a dangerous weapon during the commission of this robbery and denial of his motion for new trial was proper.

EXCESSIVE SENTENCE
Defendant contends a sentence of fifty years at hard labor without benefit of parole, probation or suspension of sentence was excessive because during the robbery, he did not threaten any person with harm nor did he handle his weapon in a manner likely to cause death or great bodily harm. As stated above, the record is clear that defendant threatened the clerk who was on duty in the store during the commission of the robbery. Therefore, defendant's contention is meritless.
The sentence for armed robbery set forth in LSA-R.S. 14:64 is imprisonment at hard labor for not less than five years nor more than ninety-nine years, without benefit of parole, probation or suspension of sentence. The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence will not be set aside absent a showing of abuse of discretion. State v. Hammonds, 434 So.2d 452 (La.App.2d Cir.1983), writ denied 439 So.2d 1074 (La.1983); State v. Nealy, 450 So.2d 634 (La.1984); State v. Knighton, 449 So.2d 1171 (La.App.2d Cir. 1984).
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating *1263 circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Nelson, 449 So.2d 161 (La.App. 4th Cir.1984); State v. Hammonds, 434 So.2d 452 (La.App.2d Cir.1983), writ denied 439 So.2d 1074 (La. 1983). Second the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1 § 20 (1974) if it is grossly out of proportion to the severity of the offense or nothing more than a purposeless and needless infliction of pain and suffering. The sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the reviewing court's sense of justice. State v. Nealy, 450 So.2d 634 (La.1984); State v. Knighton, 449 So.2d 1171 (La. App.2d Cir.1984).
Given the trial judge's adequate compliance with LSA-C.Cr.P. Art. 894.1, a sentence will not be set aside unless a manifest abuse of the trial judge's wide sentencing discretion is shown. State v. Nealy, supra; State v. Knighton, supra. In selecting a proper sentence, a trial judge may consider defendant's prior convictions. Moreover, the trial judge may properly review all prior criminal activity of the defendant. State v. Palmer, 448 So.2d 765 (La.App.2d Cir.1984) writ denied 452 So.2d 695 (La.1984).
Under the facts of this case, and considering the defendant's background and history, the sentence imposed by the trial court was proper. The defendant is twenty-five years old and has been convicted of several prior misdemeanors, including unauthorized use of a movable, contributing to the delinquency of a minor, theft, and simple escape. In addition, defendant was convicted of armed robbery in 1973 in Illinois and was sentenced to serve eight to twenty-four years at hard labor.
Defendant's personal background includes an undesirable discharge from the Air Force and a poor work record.
Under the facts of this case, defendant threatened serious harm during the commission of this crime. Defendant is not a youthful offender and possesses an extensive criminal record including a prior felony conviction. In light of the serious nature of this crime, defendant is in need of a custodial environment best provided by incarceration. A lesser sentence than the one imposed would deprecate the seriousness of the offense.
For the above stated reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.