PER CURIAM.
The defendant, Mary Lewis, a 46-year-old female, appeals her conviction for issuing worthless checks of an amount over $100 but less than $500, claiming that her two-year hard labor sentence is excessive. We find no merit to the defendant’s claim and affirm her sentence.
Between January 28, 1986 and February 26, 1986, the defendant wrote twelve checks totaling $823.80 to Monroe area businesses. According to the district attorney’s check collection system computer printout, the defendant has a total of 84 outstanding checks for the face amount of $15,764.81 from the period of December 31, 1984 up until August 26, 1987. The defendant was originally charged with issuing worthless checks in an amount of $500 *894 or more. However, pursuant to a plea bargain, the defendant pled guilty to issuing worthless checks in an amount of $100 or more but less than $500. By so doing, the defendant reduced her exposure from ten years imprisonment with or without hard labor and a fine of $3,000 down to imprisonment with or without hard labor for not more than two years and a $2,000 fine.
The defendant argues her sentence is excessive when viewed with the guidelines set forth in LSA-C.Cr.P. Art. 894.1 and the facts of this particular case.
A sentence is unconstitutionally excessive in violation of Louisiana Constitution of 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La.1983).
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied, 439 So.2d 1074 (La.1983).
The sentencing guidelines of LSA-C.Cr. P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So. 2d 438 (La.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Nealy, 450 So.2d 634 (La.1984); State v. Knighton, 449 So.2d 1171 (La.App. 2d Cir.1984); State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, supra.
A review of the record reveals the trial judge fully articulated his reasons for sentencing the defendant to two years at hard labor. The judge reviewed the defendant's past social history and the extent of the worthless checks the defendant had issued. The trial judge noted there were no substantial grounds tending to excuse or justify her criminal conduct. The judge further noted that since writing her first bad check on December 31, 1984, the defendant had written approximately 84 worthless checks totaling over $15,000 and had made restitution on only one of these checks. The court further noted that the merchants of Ouachita Parish had lost significant sums of money and that the defendant had received a substantial benefit through the plea bargain process.
We note that the presentence investigation report shows the defendant was also arrested on felony check charges in Rich-land and Claiborne Parishes which are still pending. Additionally, it is apparent that at least some of the checks involved in this plea agreement were written subsequent to those arrests. These circumstances confirm the trial court determination that the defendant is a poor candidate for probation, in need of correctional treatment, and that a lesser sentence would deprecate the seriousness of her offenses.
The record thus reflects that the trial judge more than sufficiently articulated his sentencing choice. Under the aforesaid circumstances, we cannot say that the sentence is a needless and purposeless imposition of pain and suffering. The sentence imposed is not excessive and is affirmed.
AFFIRMED.