CECIL C. LOWE, Judge Pro Tem.
Defendant Brownfield, charged via bill of information with two counts of armed robbery, entered guilty pleas to two counts of attempted armed robbery. He was sentenced to serve two consecutive seven-year hard labor terms. We reject defendant’s assignment that the sentences are excessive under the facts of the case, and we affirm.
The underlying facts are not in dispute. On two separate dates in August 1989, *645 defendant approached first Elton Barrett and later Ellen Johnson as they walked to their cars in grocery store, parking lots. On both instances defendant confronted the victims from his car, displayed what appeared to be a small caliber revolver, and ordered the victims to surrender their wallet^ and purse, respectively. The victims complied with the orders. When defendant was arrested the police learned that the weapon he had used was a toy cap pistol. Both victims had believed defendant was armed with a dangerous weapon. Defendant contends on appeal that his punishment is so disproportionate to the harm done to society as to shock the sense of justice.
A sentence is constitutionally excessive if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.), writ denied, 438 So.2d 1112 (1983). The sentencing guidelines of CCrP Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.), writ denied, 435 So.2d 438 (1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Nealy, 450 So.2d 634 (La.1984); State v. Knighton, 449 So.2d 1171 (La.App. 2d Cir.1984).
Defendant contends the harm he caused was minimal, based on the victim impact statements in the PSI report. Both victims said they suffered no physical or psychological harm because of the offenses, and Ms. Johnson suffered no financial loss. However, defendant ignores Mr. Barrett’s statement that he felt defendant should be given a sizable sentence especially if he had an extensive criminal history. Ms. Johnson indicated that, although she incurred no psychological or physical damage, her children have trouble sleeping and returning to the grocery store where their mother was robbed. She said the robbery has had a great impact on her family.
The trial judge noted that if this were the end of the case, in view of defendant’s medical problems, he would have an easier time with the sentencing. However, the court also properly considered the defendant’s extensive criminal record, which defendant contends is predominantly related to substance abuse. Although some of the offenses are related to substance abuse, such as two possessions of marijuana and five arrests for DWI, many were not: a 1979 burglary which resulted in a two-year suspended sentence; a 1984 burglary which was reduced to attempted misdemeanor theft; a second misdemeanor theft charge which was dismissed; criminal damage to property; resisting arrest; aggravated assault; and a charge of manufacturing and possessing a bomb, which was dismissed.
It is apparent that the trial court gave adequate consideration to the mitigating circumstances, since defendant was sentenced to merely seven years on each charge out of a possible 491/2 years on each. Defendant’s argument that no harm was done to society ignores the deadly situation he created by brandishing an apparent weapon in public where a police officer or even a private citizen may have opened fire to prevent further criminal activity.
The trial judge imposed a sentence which is not excessive and does not shock our sense of justice. Indeed, the sentence is illegally lenient since it was not imposed without benefit of parole, probation or suspension of sentence. However, since the state has not sought review of this aspect of the sentence, this court cannot correct it. State v. Fraser, 484 So.2d 122 (La.1986); State v. Gilmore, 529 So.2d 859 (La.App. 4th Cir.), writ denied, 533 So.2d 373 (1988).
Finding no abuse of the trial court’s broad discretion in sentencing defendant, we affirm the sentence imposed.
LINDSAY, J., concurs.