LBROWN, C.J.,
Defendant, Melvin Ray Williams, was charged by bill of information with attempted armed robbery, a violation of La. R.S. 14:27 and 14:64. A unanimous jury found defendant guilty as charged. The state filed a multi-offender bill of information. Defendant pled guilty as a second felony offender with an agreement that he would be sentenced to 28 years at hard labor without benefit of parole, probation or suspension. He was sentenced to 28 years without benefit and now appeals. We affirm defendant’s conviction and sentence.

Facts

On February 7, 2001, a black male walked into the County Market grocery store on Greenwood Road in Shreveport, Louisiana, and attempted to rob the store. Faye Gardner, the front-end manager, testified that a man approached the store office and requested to purchase a money order. Ms. Gardner entered the office to process the request; the suspect followed her into the office, pulled a gun out from underneath his sweatshirt and demanded that she give him money. When Ms. Gardner told the suspect that she did not have access to the money, he threatened to shoot her. She also informed him that there were cameras all over the store and that he was being videotaped.
Eric Stacey, cashier supervisor and security officer at the County Market grocery store, walked into the office, which caused the suspect to put the gun back into his clothing and walk away without taking anything. Ms. Gardner told Stacey what happened and then called 9-1-1 to report the incident. Stacey followed the suspect out of the store and observed him get pinto the passenger seat of a green Dodge Neon with Texas plates. Stacey testified that he followed the suspect in his car while using his cell phone to call the police.
The police took over and a high speed chase ensued. One of the officers in pursuit was Alan Alkire. Officer Alkire testified that when the high speed chase became dangerous to other motorists, the police backed off; however, Officer Alkire continued to patrol the area and quickly *1288 located a parked vehicle that appeared to match the description of the vehicle they had been pursuing. Wendell Surry, the driver of the car, was chased and apprehended while hiding behind a dryer on a screened porch. Officers also found a pellet gun. Defendant was found walking on the sidewalk in the vicinity of the parked car. Defendant fit the description of the suspect officers were looking for and was also arrested.
Corporal Robert Grant of the Shreveport Police Department transported defendant to the police station to be interviewed. While cuffing defendant, Cpl. Grant gave him a Miranda warning. Defendant stated that he wanted a lawyer. Corporal Grant related that while sitting in Detective Lott’s office, defendant proceeded to make a gratuitous statement implicating himself in the offense. Corporal Grant testified that defendant said, “Ya’ll can let the other guy go. He didn’t know what I was doing. I knew what I was going there to do.” Cpl. Grant further testified that he had not elicited any information from defendant. He wrote the statement into his notebook and later transferred the information to his report.
hBoth Faye Gardner and Eric Stacey identified defendant as the perpetrator of the attempted armed robbery. A videotape showing the attempted armed robbery was played for the jury, which found defendant guilty as charged.

Discussion

Sufficiency of the Evidence

Defendant first asserts that the evidence presented at trial was insufficient to convict him of attempted armed robbery. Particularly, he challenges his identification as the perpetrator and the finding that the robber was armed with a dangerous weapon.
The criterion for evaluating sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that the state proved all elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Clower, 30,745 (La.App.2d Cir.06/24/98), 715 So.2d 101.
Under Jackson v. Virginia, supra, the state bears the burden of negating any reasonable probability of misidentification in cases where the defendant remains silent or asserts that he was not the perpe trator. State v. Powell, 27,959 (La.App.2d Cir.04/12/96), 677 So.2d 1008, writ denied, 96-1807 (La.02/21/97), 688 So.2d 520. However, positive identification by only one witness may be sufficient to support a defendant’s conviction. State v. James, 33,262 (La.App.2d Cir.03/10/00), 754 So.2d 429, unit denied, 00-0956 (La.03/09/01), 786 So.2d 113; State v. Davis, 27,961 (La. App.2d4 Cir.04/08/96), 672 So.2d 428, writ denied, 97-0383 (La.10/31/97), 703 So.2d 12; State v. Miller, 561 So.2d 892 (La.App. 2d Cir.1990), writ denied, 566 So.2d 983 (La.1990).
After reviewing the testimony presented at trial, we find that the evidence was sufficient to prove beyond a reasonable doubt that defendant was the perpetrator of the attempted armed robbery. There is no reasonable probability of mis-identification in this case. Faye Gardner and her co-worker, Eric Stacey, made an in-court positive identification of defendant as the perpetrator. Additionally, there was a surveillance tape of the attempted armed robbery that was introduced into evidence and played for the jury. Finally, defendant himself gave a statement to police that implicated him as the perpetrator.
The testimony of Faye Gardner and Eric Stacey, corroborated both by the surveillance videotape and the implicating statement of defendant, viewed in the light most favorable to the prosecution, consti *1289 tutes sufficient proof beyond a reasonable doubt that defendant was the perpetrator of the attempted armed robbery.
Defendant’s assertion that there was insufficient evidence to establish that he was armed with a dangerous weapon is based upon the fact that the weapon recovered was a pellet gun. In State v. Kelly, 576 So.2d 111 (La.App. 2d Cir.1991), writ denied, 580 So.2d 666 (La.1991), this court, relying upon La.R.S. 14:2(3), found that a b.b. gun is a dangerous weapon, i.e., an instrument which, in the manner used, is calculated or likely to |Rproduce death or great bodily harm. See also State v. Woods, 494 So.2d 1258 (La.App. 2d Cir. 1986).
Ms. Gardner testified that defendant pointed at her a weapon that looked like the pellet gun introduced at trial and threatened to shoot her with it. He then demanded that she give him the money in the safe. In the manner the pellet gun was used, the jury could have reasonably concluded that the gun was a dangerous weapon.

Admission of Defendant’s Incriminating Statement

Defendant asserts that the trial court erred in allowing the state to introduce his statement. Once arrested, defendant requested an attorney. The arresting officers took him to the detective office. While waiting in the office, defendant made a gratuitous statement implicating himself as the perpetrator of the attempted armed robbery. Defendant admits that the statement was not made in response to interrogation, but claims that if he had not been put in such a position, he would never had made the statement.
Once an individual in custody expresses a desire for an attorney, at any stage in the process, further interrogation must cease until an attorney has been made available to him, unless the suspect initiates further communication, exchanges or conversation with the police. Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); State v. Tilley, 99-0569 (La.07/06/00), 767 So.2d 6, cert. denied, 532 U.S. 959, 121 S.Ct. 1488, 149 L.Ed.2d 375 (2001); State v. Koon, 96-1208 (La.05/20/97), 704 So.2d 756, cert. denied, 522 U.S. 1001, 118 S.Ct. 570, 139 L.Ed.2d 410 (1997). Police are not obligated to ignore spontaneous and unsolicited | fistatements by someone in custody, as long as those statements do not result from police-initiated custodial interrogation or questioning “reasonably likely to elicit an incriminating response.” State v. Tilley, supra; State v. Ross, 95-1798 (La.03/08/96), 669 So.2d 384, appeal after remand, 98-0283 (La.App. 4th Cir.09/08/99), 743 So.3d 757. Nor does a previous assertion of the right to counsel bar admission of such statements. Id.
In this case, there was no behavior by police officers that constituted direct questioning, nor were there circumstances that approached the functional equivalent of interrogation. Defendant admitted that his incriminating remarks were made before interrogation actually took place and were made gratuitously, not in response to a question by Officer Grant. There is no merit to defendant’s argument that the statement should be suppressed simply because he was first taken to a detective’s office rather than being taken directly to the booking area. There is no evidence that defendant was held in the detective’s office for an undue or excessive amount of time, nor is there evidence that he was coerced or pressured in any way to make his statement. Officer Grant had not engaged defendant in conversation at the time the statement was made, nor did he *1290 ask defendant any questions after he asserted his right to counsel. We therefore find no abuse of the trial court’s discretion in its denial of the motion to suppress defendant’s inculpatory statement.

Conclusion

For the reasons set forth above, defendant’s conviction and sentence are AFFIRMED.